KENNEDY, Justice.
The defendant appeals from an order granting injunctive relief to the plaintiffs, who owned land adjoining that of defendant G.A. Slocum.
In 1984, the plaintiffs purchased a piece of property from defendant G.A. Slocum’s mother. At that time, the defendant was operating a steel fabrication and pressure vessel manufacturing business on his property, which is adjacent to the plaintiffs’ property. We note that sand blasting and spray painting are an integral part of Slocum’s business operations. In 1986, the plaintiffs built a house on their property.[1] At that time, very little sandblasting and spray painting was done outdoors; most of it was done inside a building located on the defendants’ property. However, in 1990, the defendants began doing much more sandblasting and spray painting outdoors. The plaintiffs alleged that toxic dust and sand particles from the operations damaged their automobiles, houses, lawns, and gardens. The plaintiffs claimed that the dust and sand particles caused respiratory problems in their children. Also, the plaintiffs complained of “grit” in their teeth and on their bodies from the paint and sand particles.
The defendants erected a cloth shield to stop the particles from blowing onto the plaintiffs' property. However, the plaintiffs contend that this has not stopped the particles from contaminating their property-
The trial court found that the outdoor sandblasting and spray painting created a nuisance and that any preventive measures taken by the defendants to minimize the injury created by the nuisance failed. The trial court held that the “first in time” doctrine was not always applicable to nuisances, that is, that the simple fact that G.A. Slocum was operating his business before the plaintiffs bought their property does not mean that he has the right to do or perform any acts producing a nuisance and in doing so to be shielded from liability. The trial court applied the “comparative injury doctrine,” rather than grant injunc- *1357 tive relief. The trial court’s order stated as follows:
“a. All sandblasting and painting operations must be contained or confined as more particularly hereinafter specified;
“b. All sandblasting and painting actually occurring or taking place inside of a closed building shall be considered contained sandblasting and painting for the purposes of this order;
“c. All exterior sandblasting and painting activities (all not considered interior within the purview of subpara-graphs (a) and (b) of this Order) shall be considered ‘contained’ sandblasting and painting for purposes of this Order if a net is positioned on the facility downwind from the sandblasting and painting activities, which net is to cover a horizontal area of ninety (90) degrees on either side of the center of said downwind direction (i.e., 180 degrees total) and is to cover a vertical area of at least 24 feet above ground level, it being anticipated that Defendants must adjust this net as prevailing wind conditions dictate, said net to be of such consistency which will trap and collect the sand and paint particles; and
“d. All engines, compressors, generators and welding machines operating outdoors shall be enclosed by sound barriers which sound barriers shall cover a horizontal area of ninety [sic] (180) degrees in a half circle on the West side of such engine, compressor, generator or tractor, and which sound barrier shall cover a vertical area of at least 10 feet above ground level. Said sound barrier shall be constructed of material designed to muffle the sound of such equipment.”
(R.T. 34-36.)
The grant of injunctive relief is a matter left to the sound discretion of the trial court. Alabama Power Co. v. Drummond, 559 So.2d 158 (Ala.1990). The defendant must show that the trial court committed plain and palpable error to warrant a reversal of an injunction. Id.
In the instant case, the trial court applied the comparative injury doctrine rather than enjoining the defendant from operating his business. The trial court’s order attempted to balance the parties’ interests in the case. (R.T. 34-36.)
The comparative injury doctrine is a “balancing of the equities principle.” Daniels v. Chapuis, 344 So.2d 500, 503 (Ala.1977). The comparative injury doctrine lets the trial court “ ‘consider and weigh the relative convenience and inconvenience and the comparative injuries to the parties and to the public which would result from the granting or refusal of the injunction sought.’ ” Daniels, 344 So.2d at 503 (citation omitted).
In this case, the trial court’s order attempted to balance the rights and duties of a business and of private individuals existing in the same neighborhood. We find that the trial court’s application of the comparative injury doctrine was proper under the facts and circumstances presented by the record.
Accordingly, we affirm the trial court’s grant of injunctive relief in favor of the plaintiffs.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.

. All property involved here lies beyond the jurisdiction of a municipality and is thus not subject to any zoning ordinance.